**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angel Nails, Appellant,

v.

South Carolina Department of Labor, Licensing, & Regulation, State Board of Cosmetology, Respondent.

Appellate Case No. 2015-001435

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

Unpublished Opinion No. 2016-UP-453
Submitted September 1, 2016 – Filed November 9, 2016

**AFFIRMED**

Suzanne L. Hawkins, of Hawkins Law, of Columbia, for Appellant.

Prentiss Counts Shealey, of the South Carolina Department of Labor, Licensing, and Regulation, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233,

234 (Ct. App. 2008) (stating section 1-23-610 of the South Carolina Code (Supp. 2015) "sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency"); *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("This [c]ourt confines its analysis of an ALC decision to whether it is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."); *id.* ("In determining whether the ALC's decision was supported by substantial evidence, the [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC."); *id.* ("However, the [c]ourt may reverse the decision of the ALC where it is in violation of a statutory provision or it is affected by an error of law."); *id.* at 32, 766 S.E.2d at 717 ("Interpreting and applying statutes and regulations administered by an agency is a two-step process."); *id.* ("First, a court must determine whether the language of a statute or regulation directly speaks to the issue. If so, the court must utilize the clear meaning of the statute or regulation."); *id.* at 33, 766 S.E.2d at 717 ("If the statute or regulation 'is silent or ambiguous with respect to the specific issue,' the court then must give deference to the agency's interpretation of the statute or regulation, assuming the interpretation is worthy of deference." (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984))); *Dunton v. S.C. Bd. of Exam'rs In Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987) ("The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons."); *Kiawah Dev. Partners, II*, 411 S.C. at 35, 766 S.E.2d at 719 ("We defer to an agency interpretation unless it is 'arbitrary, capricious, or manifestly contrary to the statute.'" (quoting *Chevron*, 467 U.S. at 844)).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.