605 S.E.2d 506

**Gary R. SLEZAK, Appellant,**

**v.**

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Respondent.**

No. 25887.

Supreme Court of South Carolina.

Heard Oct. 7, 2003.

Decided Nov. 1, 2004.

Rehearing Denied Dec. 15, 2004.

328

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

David M. Tatarsky, Mary Davenport Anderson, and Kelli Gregg Maddox, all of Columbia, for Respondent.

PER CURIAM:

This is an appeal from two circuit court orders upholding an administrative law judge's (ALJ's) determination that he lacked jurisdiction over six grievances filed by inmate Gary Slezak (appellant). We affirm as to one grievance, affirm as modified as to four, and reverse and remand one for reconsideration in light of our decision in *Sullivan v. South Carolina Dep't of Corrections*, 355 S.C. 437, 586 S.E.2d 124 (2003). Further, we clarify the jurisdiction of the Administrative Law Judge Division (ALJD) in inmate grievance matters.

In *Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000), the Court held that inmates could pursue appellate review in the ALJD of certain grievance decisions made by the Department of Corrections (DOC). The ALJD responded to *Al–Shabazz* in an *en banc* order issued September 5, 2001. *McNeil v. South Carolina Dep't of Corrections*. In *McNeil*, the ALJD purported to limit its appellate jurisdiction in inmate appeals to grievances where:

1) the contention is that the inmate's sentence, sentence-related credits or custody status have been erroneously calculated, or

2) the inmate's created liberty interest has been taken as punishment in a major disciplinary hearing.

In footnote 5 of *Sullivan*, this Court substantially modified *McNeil* and held:

... the ALJD and the circuit court are instructed to look to this opinion, not *McNeil*, for guidance in future cases. Although much of *McNeil's* analysis is accurate, we believe *Wolff [v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ] requires minimal due process when for [sic] state-created liberty interests, which are not necessarily limited to sentence credit issues and major disciplinary decisions.

*See also Wicker v. South Carolina Dep't of Corrections*, 360 S.C. 421, 602 S.E.2d 56 (2004) (recognizing another limited ALJD jurisdictional exception where inmate claims deprivation of property interest).

■ We now clarify that the ALJD has subject matter jurisdiction to hear appeals from the final decision of the DOC in a non-collateral or administrative matter. *Al–Shabazz, supra.* Subject matter jurisdiction refers to the ALJD's "power to hear and determine cases of the general class to which the proceedings in question belong." *Cf. Dove v. Gold Kist, Inc.*, 314 S.C. 235, 442 S.E.2d 598 (1994) (definition of judicial subject matter jurisdiction). Further, the ALJD has appellate jurisdiction over any matter where the procedural prerequisites for perfecting such an appeal have been met. *Great Games, Inc. v. South Carolina Dep't of Rev.*, 339 S.C. 79, 529 S.E.2d 6 (2000) (appellate jurisdiction exists where procedural requirements met).

■ While the ALJD has jurisdiction over all inmate grievance appeals that have been properly filed, we emphasize that the Division is not required to hold a hearing in every matter. Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (due process clause offended only when inmate subjected to atypical and significant hardships in relation to ordinary incidents of prison life).

Appellant's appeals to the ALJD and to the circuit court were decided prior to our opinions in *Sullivan* and *Wicker*, and were dismissed as beyond the ALJD's jurisdiction pursuant to the *McNeil* order. In the interest of judicial economy, we will address this appeal on its merits.

## ISSUE

Whether the circuit court erred in dismissing appellant's grievances?

## ANALYSIS

We address each of appellant's six grievances below.

■ Appellant first complained that DOC seized certain educational cassette tapes in appellant's possession. The record reveals that the DOC policy denies inmates possession of cassette tapes other than tapes of the inmate's parole hearing(s) or religious tapes obtained from the chaplain. We find

no protected liberty or property interest implicated in the DOC's decision to declare cassette tapes contraband, and to seize appellant's tapes pursuant to this policy.

■ Appellant also complains about a DOC policy that provides for the loss of "good time" credits in certain circumstances. The record establishes that appellant is not eligible to receive such credits, and accordingly lacks standing to challenge the DOC policy.

■ Appellant's third complaint relates to a DOC policy limiting the amount of legal material he could keep in his cell while in administrative segregation. The DOC determined that the retention of large amounts of paper in these cells created a fire hazard, and therefore permitted an inmate to retain a limited amount in his cell with the remainder available upon request. Appellant concedes his materials were returned upon his release from administrative segregation to the general population. We find this grievance is moot, and that, in any case, the decision to limit papers for fire safety reasons does not implicate a protected liberty or property interest.

■ Appellant also complained because DOC confiscated a book sent to him through the mail. Under DOC policy, inmates may receive only books mailed to them directly from the publisher for security reasons. Appellant's grievance does not involve a state-created liberty or property interest.

■ Appellant also challenged S.C.Code Ann. § 23–2–620 (Supp.2004), which requires inmates convicted of certain crimes to submit a DNA sample, and § 23–3–670, requiring the person providing the DNA sample to pay a $250 processing fee. Appellant's counsel acknowledged at oral argument that appellant was challenging the constitutionality of these statutes, and that such a challenge was properly brought as a declaratory judgment action in circuit court rather than through the administrative grievance process. *See e.g. Great Games, supra; Video Gaming Consultants, Inc. v. South Carolina Dep't of Rev.,* 342 S.C. 34, 535 S.E.2d 642 (2000). This grievance was properly dismissed for lack of jurisdiction.[1]

---

1. Our disposition of this grievance is without prejudice to appellant's right to pursue a declaratory judgment action in circuit court.

██ Appellant's sixth grievance asserted that the practice of "triple celling" at McCormick Correctional Institute constituted both a security hazard and a health hazard to inmates. We find this grievance adequately states a violation of appellant's liberty interest so as to entitle him to a hearing before an ALJ. Accordingly, we remand this grievance appeal to the ALJD for further proceedings.

## CONCLUSION

We hold that the ALJD has jurisdiction over all properly perfected inmate appeals, but clarify that it may summarily decide those appeals that do not implicate an inmate's state-created liberty or property interest. We affirm as modified the orders upholding the dismissal of five of appellant's complaints, and reverse and remand the triple celling complaint to the ALJD.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

TOAL, C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice DOYET A. EARLY, III, concur.