THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Phillip J.
 Pendergrass, Appellant,
 v.
 South Carolina
 Department of Probation, Pardon , and Parole Services, Respondent.
 
 
 

Appeal from Administrative Law Court
  John D. Geathers, Administrative Law
Judge

Unpublished Opinion No. 2008-UP-539
 Submitted September 2, 2008  Filed September
17, 2008   

AFFIRMED

 
 
 
 Phillip J. Pendergrass, of Bennettsville, pro
 se, for Appellant.
 Tommy Evans, Jr., of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Pendergrass was convicted for
 murder in 1976.  He appeals the dismissal of his appeal by the Administrative Law Court. We affirm pursuant to Rule 220(b), SCACR, and the following
 authorities: Sullivan v. S. C. Dept
 of Corrections, 355 S.C. 437, 443 n.
 4, 586 S.E.2d 124, 127 n.4 (2003) ([A]n inmate has a right of review by the
 AL[C] after a final decision he is ineligible for parole, but that a
 parole-eligible inmate does not have the same right of review after a decision
 denying parole . . . .) (emphasis
 in original); Slezak v. S. C. Dept of Corrections, 361 S.C. 327, 331, 605
 S.E.2d 506, 507 (2004)  (holding
 while the AL[C] has subject matter
 jurisdiction to hear appeals from the final decision of the [Department of
 Corrections] in a non-collateral or administrative matter, those
 matters can still be summarily dismissed where there is no state-created
 liberty or property interest implicated); Furtick v. S.C.
 Dept of Prob., Parole & Pardon Servs., 352 S.C. 594, 598 n. 4, 576 S.E.2d 146, 149, n. 4 (2003) (holding
 although an inmate has a liberty interest in parole eligibility, the statute
 governing that process does not create an interest in the granting of parole
 itself).
AFFIRMED.[1]
ANDERSON,
WILLIAMS, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.