THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William
 McKinnedy #256024, Appellant,
 v.
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal From Richland County
 John McLeod, Administrative Law Court 

Unpublished Opinion No. 2009-UP-216
 Submitted April 1, 2009  Filed May 20,
2009    

AFFIRMED

 
 
 
 >William McKinnedy, pro se, for Appellant.
 >Robert W. Jacobs, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: 
 William McKinnedy, III, appeals
 the Administrative Law Courts (ALC) dismissal of three grievances and the
 recommended sanction of loss of fifteen days good time credit.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: 
1. 
 As to whether the ALC properly dismissed his appeal:  Sandin v Conner,
 515 U.S. 472, 484 (1995) (explaining state created liberty interests are
 protected by the Due Process clause but these interests will be generally
 limited to freedom from restraint which . . . imposes atypical and significant
 hardship on the inmate in relation to the ordinary incidents of prison life); Slezak
 v. S.C. Dep't. of Corrs., 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004)
 (explaining the ALC has jurisdiction over all inmate grievance appeals that
 have been properly filed but is not required to hold a hearing in every matter
 and [s]ummary dismissal may be appropriate where the inmates grievance does
 not implicate a state-created liberty or property interest).
2. 
 As to whether the ALC erred in recommending a sanction:  S.C. Code Ann. §
 24-27-200 (2007) (explaining if the ALC determines an inmate has submitted a
 malicious or frivolous claim, the ALC may, on its own motion, recommend to the
 South Carolina Department of Corrections (the Department) that an inmate
 forfeit all or part good conduct credits).
3. 
 As to whether: (1) the Department improperly forfeited fifteen days of good
 time credit; (2) McKinnedy was
 denied his right to a fair and impartial hearing following the ALCs
 recommendation of a sanction; and (3)  he was placed in double jeopardy because
 there was a rehearing following the first sanction hearing: Rule 210(h), SCACR (Ordinarily, no point will be
 considered which does not appear in the record on appeal.); Helms Realty,
 Inc. v. Gibson-Wall Co., 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005)
 (explaining that on appeal, the appellant has the burden of presenting a
 sufficient record to allow review).
AFFIRMED.
HEARN,
C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.