THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Levi Bing, Appellant,
 
 
 
 
 

v.

 
 
 
 
 South Carolina Department
 of Corrections, Respondent.
 
 
 
 
 

Appeal From the Administrative Law Court
John D. McLeod, Administrative Law Court Judge

Unpublished Opinion No. 2011-UP-206
Submitted May 1, 2011  Filed May 4, 2011    

AFFIRMED

 
 
 
 Jeremy A. Thompson, of Columbia, for
 Appellant.
 Christopher D. Florian, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Levi
 Bing appeals the Administrative Law Court's (ALC) orders dismissing his inmate
 grievance appeals.  Bing argues the ALC erred in holding summary dismissal was
 appropriate because the Department of Corrections' sanctions deprived him of a
 state-created liberty interest in visitation privileges.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code
 Ann. § 1-23-610(B) (Supp. 2010) (limiting reversal of ALC decision unless the
 decision is "in violation of constitutional or statutory provisions; . . .
 affected by other error of law; . . . [or] arbitrary or capricious or
 characterized by abuse of discretion or clearly unwarranted exercise of
 discretion"); Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 331, 605
 S.E.2d 506, 508 (2004) (holding the ALC has the discretion to summarily dismiss
 inmate grievance appeals that do "not implicate a state-created liberty or
 property interest"); Sandin v. Conner, 515 U.S. 472, 484 (1995) ("[State-created
 liberty] interests will be generally limited to freedom from restraint which .
 . . imposes atypical and significant hardship on the inmate in relation to the
 ordinary incidents of prison life.").
AFFIRMED.
HUFF, WILLIAMS, and
 THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.