THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Joshua Cramer, Appellant,
 
 
 

v.

 
 
 
 South Carolina Department
 of Corrections, Respondent.
 
 
 

Appeal from the Administrative Law Court
John D. McLeod, Administrative Law Court Judge

Unpublished Opinion No. 2012-UP-031
 Submitted November 1, 2011  Filed January
25, 2012    

VACATED AND REMANDED

 
 
 
 Joshua Cramer, pro se, for Appellant.
 Lake E. Summers and Katherine A. Phillips,
 both of Columbia, for Respondent.
 
 
 

PER CURIAM: In
 this inmate grievance case, Joshua Cramer appeals an Administrative Law Court's
 (ALC) affirmation of the South Carolina Department of Corrections's
 (Department) denial of his grievance regarding wages he earned while employed
 in a prison industries project operated by the Department at Broad River
 Correctional Institution.  We vacate and remand.[1]
Cramer is an inmate sentenced
 to life imprisonment without parole.  He is currently incarcerated at the Broad
 River Correctional Institution and participates in a prison industries project
 making hardwood flooring.  He began employment with the project on May 2,
 2005.  On April 26, 2007, Cramer filed a grievance labeled BRCI-0594-07.  In
 this grievance, Cramer asserted a claim for back pay based on the Department's
 failure to pay him the prevailing wage in the private sector for his work
 performed in the prison industries project and a claim for immediate access to
 his wages held in escrow pursuant to section 24-3-40(B) of the South Carolina
 Code (2007).[2] 
 The Department failed to issue a decision on this grievance, so Cramer filed a
 subsequent grievance labeled BRCI-0015-08 on December 24, 2007.  In this
 grievance, Cramer claimed the Department's failure to issue a decision on his
 initial grievance violated the Department's policy providing for the resolution
 of grievances within 180 days and requested the Department address his claims
 presented in his initial grievance.  On June 11, 2008, the Department issued a
 final decision denying grievance BRCI-0015-08 and stating that his initial
 grievance BRCI-0594-07 was being held in abeyance until the appropriate
 personnel obtained all the necessary information for processing his
 grievance.     
Cramer appealed the denial of
 his grievance BRCI-0015-08 to the ALC.  Cramer asked the ALC "to take
 jurisdiction of my original grievance BR-0594-07 and resolve all my issues set
 forth in my original grievance."  In his brief to the ALC, Cramer asserted
 the claims presented in his original grievance BRCI-0594-07, claiming he was
 entitled to back pay because the Department erred by not paying him the
 prevailing wage for his work and that the Department erred by denying him
 immediate access to his escrowed wages in violation of section 24-3-40(B).  The
 ALC found the Department had denied Cramer's grievance BRCI-0594-07 and affirmed
 the Department's denial of the grievance, finding the wages paid to Cramer were
 proper under South Carolina case and statutory law and that Cramer was not
 entitled to immediate access to his escrowed wages pursuant to section
 24-3-40(B).  In addition, the ALC found Cramer's claims were barred by the
 doctrine of laches and Cramer's failure to file a timely grievance pursuant to
 the Department's procedural requirements.  This appeal followed.
Although "confined to
 the record," the court of appeals has the authority to review a decision
 of the ALC in order to determine whether "the substantive rights of the
 petitioner have been prejudiced because the finding, conclusion, or decision is
 . . . in violation of constitutional or statutory provisions; . . . affected by
 other error of law; . . . [or] arbitrary or capricious or characterized by
 abuse of discretion or clearly unwarranted exercise of discretion."  S.C.
 Code Ann. § 1-23-610(B) (Supp. 2010).  The ALC's factual findings must stand
 unless they are "clearly erroneous in view of the reliable, probative, and
 substantial evidence on the whole record."  Id.; see also Al-Shabazz
 v. State, 338 S.C. 354, 380, 527 S.E.2d 742, 756 (2000) ("It has long
 been established that the court may not substitute its judgment for that of an
 agency on questions of fact when those facts are supported by substantial
 evidence.").  
The ALC "shall preside
 over all appeals from final decisions of contested cases."  S.C. Code Ann.
 § 1-23-600(D) (Supp. 2010).  A "contested case" is defined as a
 proceeding "in which the legal rights, duties, or privileges of a party
 are required by law to be determined by an agency after an opportunity for
 hearing."  S.C. Code Ann. § 1-23-310(3) (2005); see also Al-Shabazz,
 338 S.C. at 375, 527 S.E.2d at 753 ("An inmate brings a contested case for
 purposes of judicial review when he challenges a disciplinary outcome,
 calculation of sentence-related credits, custody status, or other condition of
 imprisonment.").  Accordingly, "the AL[C] has subject matter
 jurisdiction to hear appeals from the final decision of the [Department] in a
 non-collateral or administrative matter." Slezak v. S.C. Dep't of Corr.,
 361 S.C. 327, 331, 605 S.E.2d 506, 507 (2004).  
In its order, the ALC found
 "[o]n June 11, 2008, the Department issued its final decision and denied
 all claims raised by Cramer in both grievances."  This finding is
 unsupported by the evidence.  The decision referenced by the ALC was issued in
 response to Cramer's grievance BRCI-0015-08, in which he complained that the
 Department had not responded to his initial grievance regarding the issues of
 back pay and his access to his escrowed wages.  The Department did not issue a
 final decision on Cramer's grievance BRCI-0594-07 and, in fact, explicitly
 stated that grievance was held in abeyance until the inmate grievance
 coordinator received all the necessary information for processing the
 grievance.  The record contains no evidence the Department ever issued a decision
 on Cramer's initial grievance, BRCI-0594-07, regarding his claims to back pay
 and immediate access to his escrowed wages.  Because the Department never
 issued a final decision on those issues, the ALC erred in asserting
 jurisdiction over the claims presented in Cramer's initial grievance. 
 Accordingly, the ALC's order is vacated, and this case is remanded with
 instructions for the ALC to consider only the issue raised in Cramer's
 grievance BRCI-0015-08, namely the Department's failure to timely respond to
 Cramer's initial grievance.     
VACATED AND REMANDED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Section 24-3-40(B) provides in relevant part: "The
 Department of Corrections shall return a prisoner's wages held in escrow
 pursuant to subsection (A) as follows: . . . (2) A prisoner serving life in
 prison or sentenced to death shall be given the option of having his escrowed
 wages included in his estate or distributed to the persons or entities of his
 choice."