**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Cornelius Barton,                                     Appellant,

v.

South Carolina Department of
Corrections,                                          Respondent.

———————

Appeal from the Administrative Law Court
Shirley C. Robinson, Administrative Law Court Judge

———————

Unpublished Opinion No. 2012-UP-375
Submitted June 1, 2012 – Filed June 20, 2012

———————

**AFFIRMED**

———————

Cornelius Barton, pro se.

Christopher D. Florian, of Columbia, for Respondent.

**PER CURIAM:**  Cornelius Barton appeals the Administrative Law Court's (ALC) dismissal of his inmate disciplinary action, arguing the ALC erred in using a facially unconstitutional statute to dismiss his appeal, and the Department of Corrections (the Department) denied him due process in failing to provide him a written notice of his charges.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.     As to whether the ALC erred in dismissing Barton's appeal:  Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) (holding the ALC has the discretion to summarily dismiss inmate grievance appeals that do "not implicate a state-created liberty or property interest").[2]

2.     As to whether the Department denied Barton due process in failing to provide him a written notice of his charges:  S.C. Code Ann. § 1-23-610(B) (Supp. 2011) (explaining that an appellate court may only reverse a decision of the ALC if the substantive rights of the appellant have been prejudiced).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Barton's conviction and resulting punishment did not involve the loss of accrued good time credits or the opportunity to earn good time credits. Therefore, the ALC was permitted to hear the appeal and erred in basing the decision to dismiss on section 1-23-600(D) of the South Carolina Code (Supp. 2011).  However, because no liberty interest was implicated by Barton's appeal, the ALC was not required to hold a hearing and did not abuse its discretion in summarily dismissing the appeal.  See Sullivan v. S.C. Dep't of Corr., 355 S.C. 437, 445 n.5, 586 S.E.2d 124, 128 n.5 (2003) (recognizing that a condition of confinement could implicate a state-created liberty interest but holding that "these interests will generally be limited to freedom from restraint which imposes atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life" (internal quotation marks and alterations omitted)); see also Skipper v. S.C. Dep't of Corr., 370 S.C. 267, 279 n.5, 633 S.E.2d 910, 917 n.5 (Ct. App. 2006) (holding summary dismissal may be appropriate when the inmate's grievance does not implicate a state-created liberty or property interest).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**