**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephen A. Beckham, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2014-002068

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2015-UP-482
Submitted August 1, 2015 – Filed October 14, 2015

**REVERSED AND REMANDED**

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood,
for Appellant.

Daniel John Crooks, III, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:**  Stephen Beckham appeals the Administrative Law Court's (ALC) dismissal of his inmate grievance appeal on jurisdictional grounds because it found the appeal did not implicate a state-created liberty or property interest.  We reverse and remand for consideration of the merits of Beckham's appeal.  *See* S.C.

Code Ann. § 1-23-610(B) (Supp. 2014) (providing this court may remand to the ALC for further proceedings and may reverse the ALC's decision "if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . affected by other error of law"); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 507 (2004) ("[T]he [ALC] has subject matter jurisdiction to hear appeals from the final decision of the [Department of Corrections] in a non-collateral or administrative matter."); *id.* ("[T]he [ALC] has appellate jurisdiction over any matter where the procedural prerequisites for perfecting such an appeal have been met."); *id.* at 331, 605 S.E.2d at 508 ("While the [ALC] has jurisdiction over all inmate grievance appeals that have been properly filed, we emphasize that the [court] is not required to hold a hearing in every matter."); *id.* ("Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest.").

**REVERSED AND REMANDED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.