**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George Cleveland, III, #35770,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2015-000183

_____

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

_____

Unpublished Opinion No. 2016-UP-506
Submitted November 1, 2016 – Filed December 7, 2016

_____

**AFFIRMED**

_____

George Cleveland, III, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 443, 586 S.E.2d 124, 127 (2003) (finding the only way the ALC can obtain subject matter jurisdiction over an inmate's grievance is when it "implicates a [state-created] liberty interest sufficient to trigger procedural due process guarantees"); *Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 629, 733 S.E.2d 211, 217 (2012) ("[A]n inmate's loss of the

opportunity to earn sentence-related credits does not implicate a state-created liberty interest."); *id.* ("[T]here is a difference between an inmate's *forfeiture of accrued* sentence-related credits versus the *withholding of unearned, potentially available* sentence-related credits. Clearly, an inmate does not acquire an interest in sentence-related credits until he or she earns them."); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) ("[T]he [ALC] is not required to hold a hearing in every matter. Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.