**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andra Jamison, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2017-000686

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2018-UP-378
Submitted September 1, 2018 – Filed October 10, 2018

**AFFIRMED**

Andra Jamison, pro se.

Christina Catoe Bigelow, of the South Carolina Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code (Supp. [2017]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the [administrative law court (ALC)] on an appeal from an administrative agency."); S.C. Code Ann. § 1-23-610(B) (Supp. 2017) ("[This]

court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (providing when reviewing an ALC decision, "[t]he court of appeals may . . . reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) ("While the AL[C] has jurisdiction over all inmate grievance appeals that have been properly filed, we emphasize that the [ALC] is not required to hold a hearing in every matter."); *Skipper v. S.C. Dep't of Corr.*, 370 S.C. 267, 274, 633 S.E.2d 910, 914 (Ct. App. 2006) ("Courts traditionally have adopted a 'hands off' doctrine regarding judicial involvement in prison disciplinary procedures and other internal prison matters, although they must intercede when infringements complained of by an inmate reach constitutional dimensions." (quoting *Al-Shabazz v. State*, 338 S.C. 354, 382, 527 S.E.2d 742, 757 (2000))); *Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 635, 733 S.E.2d 211, 220 (2012) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (quoting *Al-Shabazz*, 338 S.C. at 369, 527 S.E.2d at 750)); *Slezak*, 361 S.C. at 331, 605 S.E.2d at 508 ("Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest."); *Howard*, 399 S.C. at 629, 733 S.E.2d at 217 ("[A]n inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest."); *id.* at 630, 733 S.E.2d at 218 ("[T]he ALC may summarily dismiss an inmate appeal that involves *only* the loss of the opportunity to earn sentence-related credits.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.