**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Darrell Sturkey, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-000722

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Unpublished Opinion No. 2021-UP-077
Submitted February 1, 2021 – Filed March 10, 2021

---

**AFFIRMED**

---

Darrell Sturkey, pro se.

Imani Diane Byas and Christina Catoe Bigelow, both of
South Carolina Department of Corrections, of Columbia,
for Respondent.

---

**PER CURIAM:** Darrell Sturkey appeals an order of the Administrative Law Court (ALC) dismissing his appeal of a decision by the South Carolina Department of Corrections (SCDC) denying his inmate grievance. Sturkey challenges the ALC's decision to dismiss his appeal on the ground that his grievance did not implicate a state-created liberty or property interest. We affirm.

Initially, we note the record supports SCDC's argument that Sturkey did not serve it with a copy of the notice of his appeal to the ALC as he was required to do under the South Carolina Administrative Law Court Rules. *See* SCALC Rule 59 (requiring a notice of appeal from a final agency decision to be filed with the ALC and service of the notice "on each party, including the agency, within thirty . . . days of receipt of the decision from which the appeal is taken"). Because of this omission, the ALC could have dismissed Sturkey's appeal on jurisdictional grounds. *See id.* ("Any notice of appeal which is incomplete or not in compliance with this rule . . . will not be assigned to an administrative law judge until all required information is received . . . ."); SCALC Rule 62 (authorizing the ALC to "dismiss an appeal . . . for failure to comply with any of the rules of procedure for appeals"); *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 21, 698 S.E.2d 612, 623 (2010) ("The service of a notice of appeal is a jurisdictional requirement . . . .").

In any event, we hold the record also supports the ALC's dismissal of Sturkey's appeal on the ground that it did not involve the deprivation of a state-created liberty or property interest. According to the brief Sturkey filed in his appeal to this court, the only interests that were implicated in his inmate grievance were a denial of the opportunity to earn good time credits, placement in an allegedly unsatisfactory facility, and losses of a job assignment, personal property, and certain inmate privileges. None of these are state-created liberty or property interests; therefore, the ALC properly dismissed Sturkey's appeal. *See* S.C. Code Ann. § 1-23-600(D) (Supp. 2020) ("[The ALC] shall not hear an appeal from an inmate in the custody of [SCDC] involving the loss of the opportunity to earn sentence-related credits . . . ."); *Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 629, 733 S.E.2d 211, 217 (2012) (acknowledging the authority of the South Carolina legislature to "limit the jurisdiction of the ALC" and further recognizing "an inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest"); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 333, 605 S.E.2d 506, 509 (2004) (allowing the ALC to "summarily decide those appeals that do not implicate an inmate's state-created liberty or property interest").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.