**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Thompson, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2020-000356

———————

Appeal From The Administrative Law Court
Milton G. Kimpson, Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-249
Submitted May 1, 2022 – Filed June 8, 2022

———————

**AFFIRMED**

———————

Thomas Thompson, pro se.

Imani Diane Byas, of South Carolina Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Thomas Thompson appeals the Administrative Law Court's (ALC's) order dismissing his appeal from the South Carolina Department of Corrections' (SCDC's) determination that inmates participating in the Prison Industries Employment Program were required to wear horizontally striped uniforms during their work shifts to ensure their orange uniforms were clean for other activities. On appeal, Thompson argues SCDC's requirement for him to wear

a horizontally striped uniform constituted a violation of his Eighth Amendment right to be free from cruel and unusual punishment. We hold the ALC did not err in dismissing Thompson's appeal. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Allen v. S.C. Dep't of Corr.*, 434 S.C. 114, 118, 862 S.E.2d 268, 270 (Ct. App. 2021) ("An inmate who seeks to challenge a final decision of SCDC may seek review of an administrative matter under the [Administrative Procedures Act[1] (APA)]."); *Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 625, 733 S.E.2d 211, 215 (2012) ("The ALC has subject matter jurisdiction under the [APA] . . . to hear properly perfected appeals from the SCDC's final orders in administrative or non-collateral matters."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) (stating an appellate court may reverse or modify the ALC's decision if it is controlled by an error of law or is clearly erroneous in view of the substantial evidence on the record); *Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000) ("[A]dministrative matters typically arise in two ways: (1) when an inmate is disciplined and punishment is imposed and (2) when an inmate believes prison officials have erroneously calculated his sentence, sentence-related credits, or custody status."); *Howard*, 399 S.C. at 630, 733 S.E.2d at 218 ("[A] matter is reviewable by the ALC where an inmate's appeal *also* implicates a state-created liberty or property interest . . . ."); *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 442, 586 S.E.2d 124, 126 (2003) ("[S]tates may create liberty interests which are protected by the Due Process Clause, but . . . 'these interests will be generally limited to freedom from restraint which . . . imposes *atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life*.'" (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995))); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) ("Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest.").

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] S.C. Code Ann. §§ 1-23-10 to -680 (2005 & Supp. 2021).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.