**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George Adams, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2020-001121

_____

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

_____

Unpublished Opinion No. 2022-UP-456
Submitted October 1, 2022 – Filed December 14, 2022

_____

**AFFIRMED**

_____

George M. Adams, pro se.

Janell H. Gregory, of Lugoff; and Matthew Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, both for Respondent.

_____

**PER CURIAM:** George Adams appeals the order of the Administrative Law Court (ALC) granting the Department of Probation, Parole, and Pardon Services' (the Department's) motion to dismiss his appeal of a letter from the Department regarding his ineligibility for parole. On appeal, Adams argues the ALC erred (1)

in granting the Department's motion to dismiss because its letter denied him his liberty interest to biannual parole hearings; (2) in granting the Department's motion to dismiss because the Department's letter violated ex post facto law by retroactively altering the definition under the parole statute to increase punishment; and (3) in entering summary judgment and refusing to file Adams's motions for reconsideration and recusal.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the ALC did not err in dismissing Adams's appeal because the Department's letter dated March 6, 2020, was not a final decision and the ALC did not have jurisdiction to review it.  *See Al-Shabazz v. State*, 338 S.C. 354, 376, 527 S.E.2d 742, 754 (2000) (stating an inmate may "seek review of [the Department of Corrections'] final decision by an [ALC] in a non-collateral or administrative matter"); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 507 (2004) ("[T]he AL[C] has subject matter jurisdiction to hear appeals from the final decision of the [Department of Corrections] in a non-collateral or administrative matter.").

2.  We decline to address Adams's argument that the Department's letter violated ex post facto law because the above issue is dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

3.  We hold the ALC properly declined to accept Adams's motion for reconsideration and motion for recusal because the ALC's order ended the appeal.  *See Gatewood v. S.C. Dep't of Corr.*, 416 S.C. 304, 326, 785 S.E.2d 600, 612 (Ct. App. 2016) ("ALC Rules 51 through 66 govern 'Special Appeals,' i.e., 'matters heard on appeal from final decisions pursuant to *Al-Shabazz* . . . ."); SCALC Rule 51 ("The Rules in this section shall apply exclusively in matters heard on appeal from final decisions pursuant to *Al-Shabazz* . . . and *Furtick v. S.C. Dep't of Probation, Parole and Pardon Services*, 352 S.C. 594, 576 S.E.2d 146 (2003)."); *Furtick*, 352 S.C. at 597, 576 S.E.2d at 148 (holding the ALC had jurisdiction to hear an appeal from the Department's decision that appellant was not parole eligible); SCALC Rule 65 ("The decision of the [ALC] is a final decision and motions for reconsideration will not be considered.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**