# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Quincy Allen, Petitioner,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2021-001143

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from The Administrative Law Court
Ralph King Anderson III, Administrative Law Judge

---

Opinion No. 28147
Submitted March 8, 2023 – Filed April 5, 2023

---

## AFFIRMED AS MODIFIED

---

E. Charles Grose Jr., of Grose Law Firm, of Greenwood,
for Petitioner.

Annie Laurie Rumler and Christina Catoe Bigelow, of
Columbia, for Respondent.

---

**PER CURIAM:** Petitioner, a formerly death-sentenced inmate housed at Broad
River Correctional Institution, appealed to the Administrative Law Court (ALC) the
denial by the South Carolina Department of Corrections (SCDC) of his grievance

concerning visitation with persons not known to him prior to his incarceration.[1] Following the ALC's dismissal of Petitioner's appeal, Petitioner appealed to the court of appeals. The court of appeals affirmed the order of the ALC. *Allen v. S.C. Dep't of Corr.*, 434 S.C. 114, 862 S.E.2d 268 (Ct. App. 2021). Petitioner now seeks a writ of certiorari to review the decision of the court of appeals. We grant the petition, dispense with briefing, and affirm the decision of the court of appeals as modified.

Although we affirm the result reached by the court of appeals, we take this opportunity to address the confusion that has arisen in past jurisprudence between the subject matter jurisdiction of the ALC and the requirement that an inmate allege deprivation of a state-created liberty interest for the ALC to grant relief. Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005); *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) (holding subject matter jurisdiction refers to "the courts' statutory or constitutional *power* to adjudicate the case" (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998))). The ALC has subject matter jurisdiction to review a final decision of an administrative agency. *See* S.C. Code Ann. § 1-23-600(D) (Supp. 2021) (providing an administrative law judge shall preside over all appeals from final decisions of contested cases, with limited listed exceptions); *Al-Shabazz v. State*, 338 S.C. 354, 373, 527 S.E.2d 742, 752 (2000) (holding as to SCDC's resolution of "administrative matters," "Review, although limited in scope, must be provided in some form. The most practical and obvious solution is that [SCDC's] final decisions, like those of other agencies, are subject to review pursuant to the APA. Accordingly, we hold, as stated above, that an inmate may seek such review

---

[1] "Quincy Jovan Allen[] pleaded guilty to two counts of murder [and other crimes]. After a sentencing hearing conducted by the trial judge, Allen was sentenced to death for the murders . . . ." *State v. Allen*, 386 S.C. 93, 95, 687 S.E.2d 21, 22 (2009). The United States Court of Appeals for the Fourth Circuit recently vacated Petitioner's death sentence, requiring a new sentencing hearing. *See Allen v. Stephan*, 42 F.4th 223, 259 (4th Cir. 2022) ("The sentencer in this case excluded, ignored, or overlooked Allen's clear and undisputed mitigating evidence, thereby erecting a barrier to giving this evidence meaningful consideration and effect and eviscerating the well-established requirements of due process in deciding who shall live and who shall die. Because this violates the Eighth Amendment's guarantee against the arbitrary imposition of the death penalty, we reverse the judgment of the district court and remand with instructions that the district court issue the writ of habeas corpus unless the State of South Carolina grants Allen a new sentencing hearing within a reasonable time.").

under the APA."). The ALC has appellate jurisdiction over any matter where the procedural requirements for perfecting an appeal have been met. *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 507 (2004) (citing *Great Games, Inc. v. S.C. Dep't of Rev.*, 339 S.C. 79, 82 n.5, 529 S.E.2d 6, 7 n.5 (2000)). Thus, the ALC had subject matter jurisdiction to review SCDC's denial of visitation. *See Al-Shabazz*, 338 S.C. at 376, 527 S.E.2d at 754 ("An inmate may . . . seek review of [SCDC]'s final decision by an ALJ in . . . [an] administrative matter."); *Slezak*, 361 S.C. at 331, 605 S.E.2d at 507 ("We now clarify that the AL[C] has subject matter jurisdiction to hear appeals from the final decision of [SCDC] in . . . [an] administrative matter.").

In *Al-Shabazz*, however, this Court contemplated that an administrative decision by SCDC would be reviewed only for a denial of the inmate's due process rights. *See* 338 S.C. at 369, 527 S.E.2d at 750 (explaining that "[p]lacing review of [SCDC's final decision in an administrative matter] within the ambit of the APA will ensure that an inmate receives due process"); *id.* ("While review by an administrative law judge and the courts will be available under the APA, we emphasize that we are not holding that all APA provisions apply to the internal prison disciplinary or decision-making processes."). The Court noted, "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Id.* (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)). Therefore, we held in *Al-Shabazz*, an inmate must allege the denial of a state-created liberty interest to be entitled to relief for the denial of his due process rights. 338 S.C. at 370, 527 S.E.2d at 750 (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *see Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 441-42, 586 S.E.2d 124, 126 (2003) ("The [*Al-Shabazz*] Court explained further that procedural due process was guaranteed only when an inmate was deprived of an interest encompassed by the Fourteenth Amendment's protection of liberty and property."); *see also Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding states may create liberty interests that are protected by the Due Process Clause, but "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) (holding state law may create liberty interests for inmates that are entitled to due process protection).

Our courts have addressed questions of whether an inmate's claim implicates a state-created liberty interest on numerous occasions since *Al-Shabazz*. In *Sullivan*, this Court held that "the only way for the [ALC] to obtain *subject matter jurisdiction* over [an inmate's] claim is if it implicates a state-created liberty interest." 355 S.C.

at 443, 586 S.E.2d at 127 (emphasis added). The analysis of the issue in *Sullivan* as one of "subject matter jurisdiction," which has been repeated in several cases, was mistaken.

We attempted to clarify the distinction between the ALC's subject matter jurisdiction and its ability to summarily dismiss appeals without a hearing in *Slezak*. There, we held the ALC "has jurisdiction over all properly perfected inmate appeals, but . . . it may summarily decide those appeals that do not implicate an inmate's state-created liberty or property interest." 361 S.C. at 333, 605 S.E.2d at 509. In *Skipper v. South Carolina Department of Corrections*, 370 S.C. 267, 279 n.5, 633 S.E.2d 910, 917 n.5 (Ct. App. 2006), the court of appeals appropriately cited *Slezak* stating, "We believe the [ALC] improperly dismissed [the inmate's] appeal on the ground that it lacked subject matter jurisdiction. In light of our decision that [the inmate's] grievance did not implicate a state-created liberty interest, we find the [ALC] had jurisdiction to dismiss the appeal on the merits." *See also S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 259, 659 S.E.2d 233, 235 (Ct. App. 2008) (rejecting SCDC's contention that the ALC should have dismissed the appeal because the claim did not implicate a state-created liberty or property interest and holding the ALC "clearly had subject matter jurisdiction to hear [the inmate's] appeal" and could have summarily dismissed the case if it determined the claim did not implicate a state-created interest or could have, in its discretion, heard the appeal).

However, subsequent cases continued to recite the "subject matter jurisdiction" language, and the ALC frequently—as it did in this case—dismisses inmate appeals for lack of subject matter jurisdiction when the inmate fails to show the claim implicates a state-created liberty interest sufficient to trigger procedural due process guarantees. *See, e.g.*, *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 502, 661 S.E.2d 106, 113 (2008) (holding the ALC had "jurisdiction" to review the appeal because the inmate challenged the method and procedure employed by the Parole Board in reaching its decision, which raised a sufficient liberty interest to trigger the due process requirements of judicial review); *Furtick v. S.C. Dep't of Corr.*, 374 S.C. 334, 340, 649 S.E.2d 35, 38 (2007) (holding the ALC had "jurisdiction" to review the loss of good-time credits because the claim sufficiently implicated a state-created liberty interest), *abrogated by Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 733 S.E.2d 211 (2012); *Wicker v. S.C. Dep't of Corr.*, 360 S.C. 421, 424-25, 602 S.E.2d 56, 57-58 (2004) (noting the decision that the statutory mandate requiring inmates be paid the prevailing wage was a state-created liberty or property interest was not intended to expand the "jurisdiction" of the ALC in any other circumstance).

We now clarify—again—that the ALC has subject matter jurisdiction over inmate

grievance appeals that have been properly filed. *See Slezak*, 361 S.C. at 331, 605 S.E.2d at 507 ("We now clarify that the AL[C] has subject matter jurisdiction to hear appeals from the final decision of [SCDC] in . . . [an] administrative matter."); *see also Wilkins v. United States*, No. 21-1164, slip op. at 6 (U.S. Mar. 28, 2023) ("If a decision simply states that 'the court is dismissing "for lack of jurisdiction" when some threshold fact has not been established,' it is understood as a 'drive-by jurisdictional rulin[g]' . . . ." (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006))). A claim that implicates a state-created liberty or property interest is not required for the ALC to have subject matter jurisdiction over the appeal. However, the ALC is not required to hold a hearing in every matter and may summarily dismiss an inmate's grievance if it does not implicate a state-created liberty or property interest sufficient to trigger procedural due process guarantees. The ALC may not grant an inmate relief from an erroneous administrative decision by SCDC, however, unless the inmate demonstrates the error deprived him of due process. *See Sullivan*, 355 S.C. at 441-42, 586 S.E.2d at 126 (discussing *Al-Shabaaz* and holding the inmate was not entitled to relief because his appeal of SCDC's administrative decision did not implicate due process).

Accordingly, the court of appeals incorrectly analyzed the issue as one of "subject matter jurisdiction" when it affirmed the ALC's decision. However, we affirm the holding that the denial of Petitioner's visitation with persons not known to him prior to incarceration does not implicate a state-created liberty interest, and we agree with the result of the court of appeals' decision to affirm the dismissal of Petitioner's appeal by the ALC.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**