**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gregory Pencille, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2022-000871

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2023-UP-208
Submitted May 17, 2023 – Filed May 24, 2023

———————

**AFFIRMED**

———————

Gregory Pencille, pro se.

Christina Catoe Bigelow, of South Carolina Department
of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Gregory Pencille appeals the Administrative Law Court's
(ALC's) summary dismissal of his appeal from South Carolina Department of
Corrections's (SCDC's) denial of his Step 2 Grievance. On appeal, Pencille argues
the ALC erred by determining his appeal did not implicate a state-created liberty or
property interest and dismissing his appeal.

Because Pencille's grievance does not implicate a state-created liberty or property interest, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) (stating an appellate court may reverse or modify the ALC's decision if it is controlled by an error of law or is clearly erroneous in view of the substantial evidence on the record); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) ("Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest."); *Al-Shabazz v. State*, 338 S.C. 354, 382, 527 S.E.2d 742, 757 (2000) ("Courts traditionally have adopted a 'hands off' doctrine regarding judicial involvement in prison disciplinary procedures and other internal prison matters, although they must intercede when infringements complained of by an inmate reach constitutional dimensions."); *id.*, 338 S.C. at 369, 527 S.E.2d at 750 ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972))); *Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 630, 733 S.E.2d 211, 218 (2012) ("[A] matter is reviewable by the ALC where an inmate's appeal . . . implicates a state-created liberty or property interest . . . ."); *Slezak*, 361 S.C. at 331-32, 605 S.E.2d at 508 (finding no protected liberty or property interest implicated in SCDC's decision to declare cassette tapes contraband and to seize the inmate's cassette tapes pursuant to its policy).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.