659 S.E.2d 233

## SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Appellant

v.

**Bennie MITCHELL, Respondent.**

### No. 4352.

Court of Appeals of South Carolina.

Submitted Jan. 1, 2008.
Decided March 10, 2008.

Michael Truesdale, of Columbia, for Appellant.

Bennie Mitchell, of Columbia, Pro Se, for Respondent.

HEARN, C.J.:

The South Carolina Department of Corrections (Department) appeals the Administrative Law Court's (ALC) order requiring it to provide an inmate with new shoes. We reverse.

## FACTS

Bennie Mitchell is an inmate who suffers from pain related to a spinal cord injury. It is not clear from the record, but at some point while incarcerated, Mitchell was sent outside the prison to visit a neurologist for pain in his legs. In the subsequent report, the neurologist recommended Mitchell acquire "better shoes for walking" that might alleviate his pain. Thereafter, Mitchell submitted Step 1 and Step 2 Inmate Grievance Forms requesting the Department provide for him "medically recommended support shoes." The Department denied both requests, and Mitchell appealed to the ALC. The ALC, having received no brief or record from the Department, reversed the Department's decision to deny Mitchell's grievance.

The Department responded with a motion to reopen the appeal in November of 2006, which the ALC denied.[1] In December of 2007, Mitchell filed a motion for contempt, and the court ordered the Department to purchase him shoes

---

1. We note the Department did not appeal the ALC's denial of its motion to reopen the appeal.

within twenty days. After receiving a pair of leather, high top tennis shoes, Mitchell filed a second motion for contempt. A second order was issued, requiring the Department to contact Mitchell's neurologist and obtain the written shoe specifications necessary to satisfy his previous recommendation. This appeal followed.

## STANDARD OF REVIEW

Section 1–23–610 of the South Carolina Code (Supp.2006) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency. "The review of the administrative law judge's order must be confined to the record." *Id.* The court of appeals may reverse or modify the decision only if substantive rights of the appellant [have] been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law. *Id.*

## LAW/ANALYSIS

■ The Department first argues that the ALC should have dismissed Mitchell's appeal for lack of subject matter jurisdiction in accordance with *Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (2000); *Sullivan v. SCDC,* 355 S.C. 437, 586 S.E.2d 124 (2003); *Slezak v. SCDC,* 361 S.C. 327, 605 S.E.2d 506 (2004); and *Skipper v. SCDC,* 370 S.C. 267, 633 S.E.2d 910 (Ct.App.2006). We disagree.

Our supreme court recently offered clarification of *Al–Shabazz* and its progeny as to the ALC's subject matter jurisdiction in *Furtick v. South Carolina Department of Corrections,* 374 S.C. 334, 649 S.E.2d 35 (2007). In *Furtick,* the court reiterated *Al–Shabazz's* holding that "the ALC has subject matter jurisdiction over an inmate's appeal when the claim sufficiently 'implicates a state-created liberty interest.' " *Furtick,* 374 S.C. at 339, 649 S.E.2d at 38. The court further quoted its clarification of jurisdiction in *Slezak,* stating "the ALC has jurisdiction over **all** inmate grievance appeals that have been properly filed; the ALC however, is not required to

hold a hearing in every matter." *Id.* at 340, 649 S.E.2d 35, 649 S.E.2d at 38 (emphasis in original).

We reject the Department's contention that the ALC should have dismissed the appeal because it believes Mitchell's shoe request does not fall within a protected right. *Furtick* holds that when an inmate's grievance to an ALC does not implicate a state-created liberty or property interest, the ALC **may** summarily dismiss the appeal at its discretion. (emphasis added). Thus, the ALC clearly had subject matter jurisdiction to hear Mitchell's appeal. Although the ALC could have addressed whether Mitchell's claim implicated a liberty or property interest, and thus could have summarily dismissed the case if it determined Mitchell's claim did not, the ALC chose not to, and heard the appeal. Under *Furtick,* this was in the ALC's discretion.

■ The Department next maintains the ALC improperly reversed the parties' burden of proof on appeal. We agree.

The Administrative Procedures Act establishes the standard of review an ALC must apply when reviewing an agency's decision:

The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C.Code Ann. § 1–23–380(A)(6) (2005).

In its order, the ALC explains its rationale in reversing the Department by concluding "this court cannot find that the Department's decision to deny the Appellant's grievance was

the result of a good-faith exercise of the Department's administrative responsibilities and not arbitrary or capricious in nature." Under the statute stated above, there is no good faith component that is required for decisions of the Department.

Moreover, when appealing an agency's decision, the burden rests squarely on the appellant to prove that substantive rights were prejudiced based on one of six statutory criteria listed above. "The party challenging a governmental body's decision bears the burden of proving the decision is arbitrary." *Pressley v. Lancaster County*, 343 S.C. 696, 704, 542 S.E.2d 366, 370 (Ct.App.2001). "The burden is on appellants to prove convincingly that the agency's decision is unsupported by the evidence." *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996).

The ALC order is devoid of any finding of evidence adduced by Mitchell warranting the ALC's reversal of the Department. Undeniably, Mitchell's request for medically recommended support shoes implicates no state-created liberty interest. Therefore, the ALC's decision must be based on the evidence in the record. We can find no evidence indicating the Department's decision was either clearly erroneous, or arbitrary, capricious, or characterized by an abuse of discretion. Furthermore, Mitchell appears to have received what the neurologist initially recommended, i.e., "better shoes for walking." Instead, the ALC's order appears to be based on the Department's failure to file a substantive brief.

Finally, the Department contends the ALC erred in not reopening the case pursuant to the Administrative Law Judge Division's Rules of Procedure, and that the ALC exceeded its authority by reversing the decision of the Department. Because we find the determination of the issue above to be dispositive in the appeal before us, we need not review Mitchell's remaining contentions. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

The ALC erred in improperly reversing the burden of proof and the Department's decision on appeal. The ALC's order is therefore

**REVERSED.**[2]

KITTREDGE, J., and THOMAS, J., concur.

---

**2.** We decide this case without oral argument pursuant to Rule 215, SCACR.