THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Douglas Gilbert,
 #300160, Respondent,
 
 

v.

 
 
 
 
 South Carolina
 Department of Corrections, Appellant.
 
 

Appeal From Richland County
 Paige J. Gossett, Administrative Law
Judge

Unpublished Opinion No. 2010-UP-093 
 Submitted February 1, 2010  Filed
February 3, 2010    

AFFIRMED

 
 
 
 Robert Wesley Jacobs, of Columbia, for Appellant.
 Douglas Gilbert, pro se, for Respondent.
 
 
 

PER CURIAM:  The South Carolina Department of
 Corrections (the Department) appeals the Administrative Law Court's (ALC)
 reversal of Gilbert's disciplinary conviction. The Department contends the ALC
 erred because substantial evidence establishes Gilbert intentionally destroyed
 prison property.  We affirm.[1]          
FACTS
The Department charged
 Gilbert with violating an internal prison policy for damaging or destroying
 prison property after an exit sign above a library door fell to the ground.  At
 the disciplinary hearing, Gilbert testified he went to the prison library to
 return two books, but the prison officer in the library did not allow him to
 enter.  Gilbert explained the prison officer wanted him to place the books
 inside the library box.  Gilbert denied banging or kicking the library door,
 but admitted he saw the sign above the library door fall to the ground as he
 was speaking with the prison officer.  
Prison Officer Patricia Cooks
 testified she heard Gilbert yelling outside of the library door, requesting to
 come in.  Cooks stated Gilbert started to kick and bang on the library door
 "so hard that the exit sign above the door fell off and landed on the
 floor."  Cooks explained Gilbert was the only inmate outside the library
 door at the time of the incident.  Cooks testified she radioed another
 prison officer, Officer Chris Hicks, after the sign fell because she
 "wanted him to witness the sign on the floor and [she] didn't want Gilbert
 to hurt [her] or anything."  Officer Hicks testified when he arrived, the
 sign was already on the floor and Gilbert was the only inmate outside of the
 library door, but he did not observe Gilbert kicking the door.  
The
 Department convicted Gilbert of damaging or destroying prison property, and
 Gilbert appealed the decision to the ALC, contending the conviction should be
 overturned because the prison officer was lying about what he saw on the
 surveillance video.  The ALC reversed Gilbert's conviction:  
Considering
 the testimony and report, there was insufficient evidence to allow the
 Department reasonably to reach the conclusion that Gilbert is guilty of
 [damaging or destroying prison property] when there was no evidence of
 Gilbert's intent to destroy or damage the exit sign.  Moreover, [the
 Department] did not make any specific findings of Gilbert's intent.  See Al Shabazz, 338 S.C. at 372, 527 S.E.2d at 752 ("When an inmate is
 found guilty, the officer must prepare a written report containing, among other
 things, the evidence presented and considered, the reasons for a determination
 of guilt . . . . ").  Nor did the Department provide any evidence that it
 determined that Gilbert had intended to bang on a library door in order to make
 the exit sign fall and become damaged.  See Am. Jur. Torts § 18
 ("A willful act is one done intentionally, or on purpose, and not
 accidentally.  An injury is willful where the act that produced it was intended
 to have that effect.").  In short, the Department failed to establish with
 sufficient evidence that Gilbert intentionally damaged or destroyed the exit
 sign.
This appeal followed. 
LAW/ANALYSIS
The ALC did not err in
 reversing Gilbert's conviction for damaging or destroying prison property. 
 Under the ALC's definition of intent as "one done intentionally, or on
 purpose, and not accidentally  . . . where the act that produced it was
 intended to have that effect," substantial evidence supports the ALC's
 ruling.  While Cook's testimony at the disciplinary hearing establishes Gilbert
 intentionally attempted to damage the door when Cook forbade him from entering
 the library, it does not demonstrate Gilbert intentionally destroyed the exit
 sign above the door when he when he banged and kicked the library door. 
 Additionally, Hicks's testimony only establishes Gilbert's presence in front of
 the library door after the exit sign fell, but not whether Gilbert actually
 directed his actions towards damaging the sign.  Accordingly, the ALC correctly
 reversed Gilbert's conviction because insufficient evidence existed showing
 Gilbert intended to destroy the exit sign.  See S.C. Code Ann. §
 1-23-610(B) (Supp. 2009); S.C. Dep't of Corrs. v. Mitchell, 377 S.C.
 256, 659 S.E.2d 233 (Ct. App. 2008) (stating this court may reverse or modify
 the ALC's ruling only if the substantive rights of the appellant have been
 prejudiced because the decision is clearly erroneous in light of the reliable
 and substantial evidence on the whole record, arbitrary, characterized by an
 abuse of discretion, or affected by other error of law).           
AFFIRMED.
HUFF, THOMAS, and KONDUROS.
 JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.