THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Dyshum M. Jones, Appellant,
 v.
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal From Administrative Law Court
 Paige J. Gossett, Administrative Law Court
Judge

Unpublished Opinion No. 2010-UP-278
Submitted May 3, 2010  Filed May 20, 2010    

AFFIRMED

 
 
 
 Dyshum M. Jones, pro se, of Turbeville, for Appellant.
 Christopher Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM: Dyshum
 M. Jones appeals an Administrative Law Court (ALC) order affirming the South
 Carolina Department of Correction's (the Department's) denial of his step-two
 grievance.  Jones argues he should have received five years and four months of
 work credit for his enrollment and participation in the mandatory educational
 program to which the Department assigned him.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.  As to whether the ALC's
 decision was clearly erroneous in light of the substantial evidence in the
 record as a whole: S.C. Code Ann. § 1-23-610(B) (Supp. 2009) (stating the court
 of appeals may reverse or modify the ALC's decision if "substantive rights
 of the petitioner have been prejudiced"); S.C. Dep't of Corr. v.
 Mitchell, 377 S.C. 256, 260, 659 S.E.2d 233, 235 (Ct. App. 2008)
 (noting the burden rests squarely on the appellant when appealing an agency's
 decision to prove that substantive rights were prejudiced).   
2.  As to whether Jones was
 entitled to earn work credits for his participation in a mandatory educational
 program: S.C. Code Ann. § 24-13-230(A) (2007) (stating the Department may
 allow any prisoner a "reduction from the term of his sentence of zero
 to one day for every two days he is employed or enrolled").
3.  As to whether the
 Department violated its own policies in failing to award him additional earned
 work credit: Mitchell, 377 S.C. at 260, 659 S.E.2d at 235 ("[W]hen
 appealing an agency's decision, the burden rests squarely on the appellant to
 prove that substantive rights were prejudiced based on one of six statutory
 criteria listed [in section 1-23-380(A)(5) of the South Carolina Code (Supp.
 2009)].").
4.  As to whether Jones's Fourteenth
 Amendment due process and equal protection rights were violated: Rule
 208(b)(1)(B), SCACR ("Ordinarily, no point will
 be considered which is not set forth in the statement of the issues on appeal."); see also Al-Shabazz v. State, 338 S.C. 354, 373, 527
 S.E.2d 742, 752 (2000) (holding the Department's disciplinary and grievance procedures
 are consistent with the due process standards outlined by the United States
 Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974)).  
5.  As to whether Jones's
 First Amendment right of access to the court system was violated: Brown v.
 S.C. Dep't of Health & Envtl. Control, 348 S.C. 507, 519, 560 S.E.2d
 410, 417 (2002) (stating issues not raised to
 and ruled upon by the ALC are not preserved for appellate consideration). 
     
6.  As to whether Jones's
 Eighth Amendment rights were violated: Mulherin-Howell v. Cobb, 362 S.C.
 588, 600, 608 S.E.2d 587, 593-94 (Ct. App. 2005) (noting an issue is deemed abandoned
 on appeal when no legal authority is cited to support the argument and the
 argument itself is conclusory).
AFFIRMED.
KONDUROS and LOCKEMY, JJ.,
 and CURETON, A.J., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.