**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Alonzo C. Jeter, III, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2017-000286

Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2018-UP-306
Submitted June 1, 2018 – Filed July 5, 2018

**AFFIRMED**

Alonzo C. Jeter, III, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Corrs. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) (providing "section 1-23-610 of the South Carolina Code ([Supp. 2017]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency"); S.C. Code Ann. § 1-23-610(B) (Supp. 2017) (providing when reviewing

an ALC decision, "[t]he court of appeals may . . . reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); S.C. Code Ann. § 44-53-375(C)(1)(b) (2018) (providing a person who is guilty of trafficking methamphetamine or cocaine base between ten and twenty-eight grams must be sentenced to "a term of imprisonment of not less than five years nor more than thirty years" for his second offense); S.C. Code Ann. § 16-1-90(A) (Supp. 2017) (listing a section 44-53-375(C)(1)(b) offense as a Class A felony); S.C. Code Ann. § 24-13-100 (2007) (providing Class A felonies are no-parole offenses), *repealed in part by Bolin v. S.C. Dep't of Corrs.*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016) (holding a second offense under subsection 44-53-375(B) of the South Carolina Code (2018) is no longer considered a no-parole offense).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.