**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Basil W. Akbar, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2016-002100

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Unpublished Opinion No. 2018-UP-331
Submitted June 1, 2018 – Filed July 18, 2018

**AFFIRMED**

Basil Akbar, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:**  Basil Akbar, pro se, appeals an Administrative Law Court (ALC) order dismissing his appeal of the parole board's (the Board's) denial of parole.  On appeal, Akbar argues the ALC abused its discretion in finding his

appeal was untimely filed. Akbar additionally raises ten other issues on appeal. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *S.C. Dep't of Corrs. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code ([Supp. 2017]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); S.C. Code Ann. § 1-23-610(B) (Supp. 2017) ("[This] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (providing when reviewing an ALC decision, "[t]he court of appeals may . . . reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); SCALC Rule 59 ("The notice of appeal from the final decision to be heard by the [ALC] *shall be filed* with the [c]ourt and a copy served on each party, including the agency, *within thirty (30) days of receipt of the decision* from which the appeal is taken." (emphasis added)); SCALC Rule 62 ("Upon motion of any party, or on its own motion, [the ALC] may dismiss an appeal . . . for failure to comply with any of the rules of procedure for appeals, *including the failure to comply with any of the time limits . . . .*" (emphasis added)).

2. As to Akbar's remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.