**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dennis Davis, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2017-000663

---

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Unpublished Opinion No. 2018-UP-385
Submitted September 1, 2018 – Filed October 17, 2018

---

**AFFIRMED**

---

Dennis Davis, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) (providing "section 1-23-610 of the South Carolina Code ([Supp. 2017]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the [administrative law court (ALC)] on an appeal from an

administrative agency"); S.C. Code Ann. § 1-23-610(B) (Supp. 2017) (providing when reviewing an ALC decision, "[t]he court of appeals may . . . reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); S.C. Code Ann. § 44-53-370(b)(2) (2018) (providing a person who is guilty of a third offense for distribution of a controlled substance classified under Schedule I, II, or III should be sentenced to "not less than five years nor more than twenty years, or fined not more than twenty thousand dollars, or both"); S.C. Code Ann. § 44-53-190(D) (2018) (providing marijuana is a Schedule I controlled substance); § 44-53-370(b)(2) ("Notwithstanding any other provision of law, a person convicted and sentenced pursuant to this item *for a third or subsequent offense in which all prior offenses were for possession of a controlled substance pursuant to subsections (c) and (d), may have the sentence suspended and probation granted, and is eligible for parole*, supervised furlough, community supervision, work release, work credits, education credits, and good conduct credits. *In all other cases, the sentence must not be suspended nor probation granted*." (emphasis added)); S.C. Code Ann. § 16-1-90(C) (Supp. 2017) (listing a section 44-53-370(b)(2) offense as a Class C felony); S.C. Code Ann. § 24-13-100 (2007) (providing Class C felonies are no-parole offenses), *repealed in part by Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016) (holding a second offense under subsection 44-53-375(B) of the South Carolina Code (2018) is no longer considered a no-parole offense).

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.