**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Carnie Norris, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2017-001063

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2019-UP-093
Submitted January 1, 2019 – Filed February 20, 2019

**AFFIRMED**

Carnie Norris, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *See S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code ([Supp. 2018]) sets forth the standard of review when the court of appeals is sitting in review of a

decision by the [administrative law court (ALC)] on an appeal from an administrative agency."); S.C. Code Ann. § 1-23-610(B) (Supp. 2018) ("[This] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (providing when reviewing an ALC decision, "[t]he court of appeals may . . . reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); S.C. Code Ann. § 16-11-330(A) (2015) (providing a person who is convicted of armed robbery must serve "a mandatory minimum term of not less than ten years or more than thirty years, no part of which may be suspended or probation granted"); *id.* ("A person convicted under this subsection is not eligible for parole until the person has served at least seven years of the sentence."); S.C. Code Ann. § 16-1-90(A) (Supp. 2018) (listing a section 16-11-330(A) offense as a Class A felony); S.C. Code Ann. § 24-13-100 (2007) (providing Class A felonies are no-parole offenses), *repealed in part by Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016) (holding a second offense under subsection 44-53-375(B) of the South Carolina Code (Supp. 2018) is no longer considered a no-parole offense); S.C. Code Ann. § 24-13-150(A) (Supp. 2018) ("*Notwithstanding any other provision of law, except in a case in which the death penalty or a term of life imprisonment is imposed*, an inmate convicted of a 'no[-]parole offense' as defined in [s]ection 24-13-100 . . . is not eligible for early release, discharge, or community supervision . . . until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed." (emphasis added)); *see also Bolin*, 415 S.C. at 282, 781 S.E.2d at 917 ("The legislature's use of the phrase 'Notwithstanding any other provision of law,' in the amendments to sections 44-53-375 and -370 expresses its intent to repeal section 24-13-100 *to the extent* it conflicts with amended sections 44-53-375 and -370." (emphasis by court)); § 44-53-375(B) ("*Notwithstanding any other provision of law*, a person convicted and sentenced pursuant to this subsection for a first offense or second offense may have the sentence suspended and probation granted, and *is eligible for parole* . . . ." (emphasis added)).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, SHORT, and WILLIAMS, JJ., concur.**