**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Allen #178666, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2017-000596

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2019-UP-410
Submitted November 1, 2019 – Filed December 31, 2019

———————

**AFFIRMED**

———————

William Allen, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** William Allen appeals an order from the Administrative Law Court (the ALC) affirming the South Carolina Department of Corrections's (SCDC's) finding that he is legally incarcerated pursuant to his life sentence. On appeal, Allen argues he is being held unlawfully because SCDC does not have a legally valid commitment order. Because the trial court's sentencing order is valid and Allen has not proved SCDC's finding was not supported by the evidence, we

find substantial evidence supports the ALC's order. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code [(Supp. 2019)] sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); § 1-23-610(B) (providing "[t]he court of appeals may . . . reverse or modify the [ALC's] decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("Although [the appellate] court shall not substitute its judgment for that of the AL[C] as to findings of fact, [it] may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, [the appellate] court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996) ("[T]he burden is on [an] appellant[] to prove convincingly that the agency's decision is unsupported by the evidence.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.