**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Adam Winningham, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2019-001751

———————————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————————

Unpublished Opinion No. 2022-UP-168
Submitted March 1, 2022 – Filed April 6, 2022

———————————

**AFFIRMED**

———————————

Adam Winningham, pro se.

Imani Diane Byas, of the South Carolina Department of Corrections, of Columbia, for Respondent.

———————————

**PER CURIAM:** Adam Winningham appeals an order of the Administrative Law Court (ALC) affirming the South Carolina Department of Corrections' (SCDC's) final decision regarding the calculation of his sentence. On appeal, Winningham argues the ALC erred in affirming SCDC's final decision when SCDC did not give him credit for all of his earned work credits, earned education credits, and good time credits to reduce his projected release date. We affirm.

We hold the ALC correctly found Winningham had to serve eighty-five percent of his sentence before he was eligible for early release or other privileges related to his confinement, regardless of the amount of credits he has earned. In March 2006, Winningham received a twenty-year sentence for first-degree burglary. Because first-degree burglary is a no parole offense, Winningham is required to serve eighty-five percent of his sentence. Although Winningham can earn work credits during his confinement, he is not entitled to a reduction below the minimum term of incarceration—eighty-five percent of his twenty-year sentence. *See S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code ([Supp. 2021]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); § 1-23-610(B) ("[An appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (stating, however, when reviewing an ALC decision, an appellate court "may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); S.C. Code Ann. § 24-13-100 (2007) ("For purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony or an offense exempt from classification as enumerated in [s]ection 16-1-10(d)[ of the South Carolina Code (Supp. 2021)], which is punishable by a maximum term of imprisonment for twenty years or more."), *repealed in part by Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016) (concluding a second offense under section 44-53-375(B) of the South Carolina Code (2018) is no longer considered a no parole offense); § 16-1-10(d) (stating first-degree burglary is classified as exempt under subsections (A) [(listing the six categories of classification for felonies)] and (B) [(listing the three categories of classification for misdemeanors)]); S.C. Code Ann. § 24-13-150(A) (Supp. 2021) ("Notwithstanding any other provision of law . . . an inmate convicted of a 'no parole offense' as defined in [s]ection 24-13-100 and sentenced to the custody of [SCDC] . . . is not eligible for early release, discharge, or community supervision . . . until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed. *This percentage must be calculated without the application of earned work credits, education credits, or good conduct credits, and is to be applied to the actual term of imprisonment imposed*, not including any

portion of the sentence which has been suspended." (emphasis added)); S.C. Code Ann. § 24-13-230(B) (Supp. 2021) ("The Director of [SCDC] may allow an inmate sentenced to the custody of [SCDC] serving a sentence for a 'no parole offense' as defined in [s]ection 24-13-100, . . . who is regularly enrolled and actively participating in an academic, technical, vocational training program, a reduction from the term of his sentence of six days for every month he is employed or enrolled. . . . *No prisoner convicted of a 'no parole offense' is entitled to a reduction below the minimum term of incarceration provided in [s]ection 24-13-125 or 24-13-150.* A maximum annual credit for both work credit and education credit is limited to seventy-two days." (emphasis added)). Additionally, the ALC did not err in finding section 24-13-150(A) and section 24-13-230(B) did not conflict and *Bolin* did not apply to Winningham's case because Winningham was not sentenced for a drug crime and the first-degree burglary statute does not contain similar language as in section 44-53-375; thus, *Bolin*'s holding does not apply to Winningham's case. *See Bolin*, 415 S.C. at 286, 781 S.E.2d at 919 (concluding a second offense under section 44-53-375(B) is no longer considered a no parole offense).

As to Winningham's argument regarding earned education credits and good time credits, we hold this argument is not preserved for review because he did not raise it in his step one grievance or to the ALC. *See Gatewood v. S.C. Dep't of Corr.*, 416 S.C. 304, 324, 785 S.E.2d 600, 611 (Ct. App. 2016) ("An issue that is not raised to an administrative agency is not preserved for appellate review by the ALC."); *see also See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the [ALC] will not be considered on appeal."). Further, to the extent Winningham argues SCDC erroneously removed his earned education credit or good time credit, we hold Winningham's argument is not preserved for review because he did not raise it in his step one grievance to SCDC, raise it to the ALC, or obtain a ruling from the ALC; rather, he raised this issue for the first time in his appellate brief. *See Gatewood*, 416 S.C. at 324, 785 S.E.2d at 611 ("An issue that is not raised to an administrative agency is not preserved for appellate review by the ALC."); *see also Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the [ALC] will not be considered on appeal.").

Finally, we hold Winningham's argument that section 16-1-10 should be declared unconstitutional is not properly before this court because he raised it for the first time on appeal and he should have raised it to the circuit court in a separate action. *See State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App. 2005) ("[I]f an issue was not raised and ruled upon below, it will not be considered for

the first time on appeal."); *Al-Shabazz v. State*, 338 S.C. 354, 365, 527 S.E.2d 742, 748 (2000) (stating the Uniform Post-Conviction Procedure Act "'comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence'" (quoting S.C. Code Ann. § 17-27-20(b) (2014))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.