**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shante Michele Eugene, Respondent,

v.

South Carolina Department of Motor Vehicles, Appellant.

Appellate Case No. 2020-000980

---

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-208
Submitted May 12, 2022 – Filed May 18, 2022

---

**AFFIRMED**

---

Frank L. Valenta, Jr., and Philip S. Porter, both of Columbia; and Brandy Anne Duncan, of Blythewood, all for Appellant.

Arie David Bax, of The Bax Law Firm, PA, of Beaufort, for Respondent.

---

**PER CURIAM:** South Carolina Department of Motor Vehicles (DMV) appeals an order of the Administrative Law Court (ALC) reversing the Office of Motor Vehicles' decision sustaining the suspension of Shante Michele Eugene's driver's

license and driving privileges.  On appeal, DMV argues the ALC erroneously engaged in a reweighing of the evidence in the case in violation of section 1-23-380 of the South Carolina Code (Supp. 2021).  We affirm.

We hold the ALC correctly determined the Office of Motor Vehicles erred as a matter of law by holding Eugene to a heightened showing of injury and prejudice and failing to fully contemplate the considerations found in *Davis v. South Carolina Department of Motor Vehicles*[1] and *Wilson v. South Carolina Department of Motor Vehicles*.[2]  Accordingly, because the ALC did not exceed its statutory standard of review, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) (stating section 1-23-610 of the South Carolina Code (Supp. 2015) "sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency"); *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("This [c]ourt confines its analysis of an ALC decision to whether it is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."); *id.* ("In determining whether the ALC's decision was supported by substantial evidence, the [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC."); § 1-23-380(5) (providing the ALC may reverse the decision of an agency "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (d) affected by other error of law; [or] (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . .").

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] 420 S.C. 98, 800 S.E.2d 493 (Ct. App. 2017).
[2] 419 S.C. 203, 796 S.E.2d 541 (Ct. App. 2017).
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.