**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Buddy Newsome, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2020-001512

———————

Appeal From The Administrative Law Court
Milton G. Kimpson, Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-391
Submitted October 11, 2022 – Filed October 26, 2022

———————

**AFFIRMED**

———————

Buddy Newsome, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Buddy Newsome appeals an order of the Administrative Law
Court (ALC) affirming the South Carolina Department of Correction's (SCDC's)
final decision regarding whether Newsome is eligible for immediate distribution of
his escrowed wages pursuant to section 24-3-40 of the South Carolina Code (Supp.
2022). On appeal, Newsome argues the ALC erred in finding he was not entitled
to immediate distribution of his escrowed wages because he was serving a de facto

life sentence and thus was eligible for immediate distribution under section 24-3-40(B)(2).  We affirm pursuant to Rule 220(b), SCACR.

We hold Newsome is not entitled to immediate distribution of his escrowed wages pursuant to section 24-3-40(B)(2) because he is not serving a life sentence; rather, Newsome is serving a term of years, albeit lengthy, sentence.  Further, Newsome is currently eligible for parole.  Thus, he is not eligible for immediate distribution under section 24-3-40(B)(2) because he can receive the benefit of his wages outside of prison unlike those who are sentenced to a life sentence or death sentence.  *See Kiawah Dev. Partners, II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("In an appeal from an ALC decision, the Administrative Procedures Act provides the appropriate standard of review."); *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code ([Supp. 2022]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); § 1-23-610(B) ("[An appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (stating, however, when reviewing an ALC decision, an appellate court "may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); § 24-3-40(A) ("[T]he employer of a prisoner authorized to work . . . in a prison industry program . . . shall pay the prisoner's wages directly to [SCDC]."); § 24-3-40(A)(5) (stating the director of SCDC shall deduct ten percent of the inmate's gross wages and hold it in an interest bearing escrow account for the inmate's benefit); § 24-3-40(B) (stating SCDC "shall return a prisoner's wages held in escrow pursuant to subsection (A) as follows . . . (2) A prisoner serving *life in prison* or sentenced to death shall be given the option of having his escrowed wages included in his estate or distributed to the persons or entities of his choice" (emphasis added)); *Torrence v. S.C. Dep't of Corr.*, 433 S.C. 633, 650, 861 S.E.2d 36, 45-46 (2021) (explaining an inmate sentenced to life in prison or death shall have the option to distribute his or her gross wages to persons of his or her choosing or include them in his or her estate because a prisoner sentenced to a life sentence or death sentence "will never receive the benefit of his wages outside of prison unlike those who will be released during their lifetime"); *State v. Slocumb*, 426 S.C. 297, 309, 827 S.E.2d 148, 154 (2019) (recognizing a 130-year sentence

was a de facto life sentence); *id.* at 301 n.3, 827 S.E.2d at 150 n.3 (noting a federal case had defined "a de facto life sentence as one that is expressed as a lengthy term of years, causing the defendant's eligibility for parole or release to fall outside his projected life expectancy").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.