**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hardy Marvin Lanier, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2020-001628

———

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———

Unpublished Opinion No. 2022-UP-442
Submitted November 1, 2022 – Filed December 17, 2022

———

**AFFIRMED**

———

Trent Neuell Pruett, of Pruett & Cook Law Firm, P.C., of Gaffney, for Appellant.

Imani Diane Byas, of South Carolina Criminal Justice Academy, of Columbia, for Respondent.

———

**PER CURIAM:** Hardy Marvin Lanier appeals an order from the Administrative Law Court (ALC) affirming the denial of an inmate grievance he filed with the South Carolina Department of Corrections (SCDC). Lanier argues the ALC erred in declining to reverse SCDC's determination that he was required to serve eighty-five percent of his sentence before he was eligible for parole. We affirm

pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) (providing "section 1-23-610 of the South Carolina Code ([Supp. 2022]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency"); § 1-23-610(B) (providing when reviewing an ALC decision, "[t]he court of appeals may . . . reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Hodges v. Rainey*, 341 S.C. 79, 88, 533 S.E.2d 578, 583 (2000) ("The law does not favor the implied repeal of statute."); *Seels v. Smalls*, 437 S.C. 167, 176-77, 877 S.E.2d 351, 356 (2022) ("Rather, statutes touching upon the same subject matter must be read in harmony to give effect to each whenever possible, as it is presumed that the legislature is familiar with prior legislation and, if it intended to repeal an existing law, it would expressly do so."); S.C. Code Ann. § 44-53-375(C)(2)(a) (2018) (providing a person who is guilty of trafficking methamphetamine or cocaine base between twenty-eight and one hundred grams must be sentenced to "a term of imprisonment of not less than seven years nor more than twenty-five years" for his first offense); S.C. Code Ann. § 16-1-90(B) (Supp. 2022) (listing a section 44-53-375(C)(2)(a) offense as a Class B felony); § 44-53-375(F) ("A person convicted and sentenced under subsection (C) or (E) to a mandatory term of imprisonment of twenty-five years, a mandatory minimum term of imprisonment of twenty-five years, or a mandatory minimum term of imprisonment of not less than twenty-five years nor more than thirty years is not eligible for parole . . . ."); S.C. Code Ann. § 24-13-100 (2007) (providing Class B felonies are no-parole offenses), *repealed in part by Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016) (holding a second offense under subsection 44-53-375(B) of the South Carolina Code (2018) is no longer considered a no-parole offense).

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.