**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Willie Young, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2021-001044

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2023-UP-112
Submitted February 1, 2023 – Filed March 22, 2023

———————

**AFFIRMED**

———————

Willie Young, pro se.

Christina Catoe Bigelow, of South Carolina Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Willie Young appeals an order of the Administrative Law Court (ALC) affirming the South Carolina Department of Correction's (SCDC's) final decision regarding the calculation of his sentence. On appeal, Young argues the ALC erred in affirming SCDC's final decision because SCDC did not apply all of the earned work credits he had accumulated. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err in finding SCDC properly calculated Young's max out date. *See S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code ([Supp. 2022]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); § 1-23-610(B) ("[An appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (stating, however, when reviewing an ALC decision, an appellate court "may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); S.C. Code Ann. § 24-13-100 (2007) ("For purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony or an offense exempt from classification as enumerated in Section 16-1-10(d)[ of the South Carolina Code (Supp. 2022)], which is punishable by a maximum term of imprisonment for twenty years or more."), *repealed in part by Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016) (concluding a second offense under subsection 44-53-375(B) of the South Carolina Code (2018) is no longer considered a no parole offense); S.C. Code Ann. § 16-11-330(A) (2018) (stating a person who is convicted of armed robbery must serve "a mandatory minimum term of not less than ten years or more than thirty years, no part of which may be suspended or probation granted"); *id.* ("A person convicted under [section 16-11-330(A)] is not eligible for parole until the person has served at least seven years of the sentence."); S.C. Code Ann. § 16-1-90(A) (2018) (listing a section 16-11-330(A) offense as a class A felony); *Bolin*, 415 S.C. at 282, 781 S.E.2d at 917 (finding the "legislature's use of the phrase '[n]otwithstanding any other provision of law,' in the amendments to section 44-53-375 . . . expresses its intent to repeal section 24-13-100 *to the extent* it conflicts with the amended section[] 44-53-375"); S.C. Code Ann. § 24-13-150(A) (Supp. 2022) ("Notwithstanding any other provision of law . . . an inmate convicted of a 'no parole offense' as defined in [s]ection 24-13-100 and sentenced to the custody of [SCDC] . . . is not eligible for early release, discharge, or community supervision . . . until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed. *This percentage must be calculated without the application of earned work credits, education credits, or good conduct credits, and is to be applied to the actual term of imprisonment imposed*, not

including any portion of the sentence which has been suspended." (emphasis added)); S.C. Code Ann. § 24-13-230(B) (Supp. 2022) ("The Director of [SCDC] may allow an inmate sentenced to the custody of [SCDC] serving a sentence for a 'no parole offense' as defined in [s]ection 24-13-100, . . . who is regularly enrolled and actively participating in an academic, technical, or vocational training program, a reduction from the term of his sentence of six days for every month he is employed or enrolled. . . . *No prisoner convicted of a 'no parole offense' is entitled to a reduction below the minimum term of incarceration provided in [s]ection 24-13-125* [of the South Carolina Code (Supp. 2022)] *or 24-13-150.* A maximum annual credit for both work credit and education credit is limited to seventy-two days." (emphasis added)).

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.