**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lynn Chronister, #189827, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2021-000785

---

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

---

Unpublished Opinion No. 2023-UP-137
Submitted February 1, 2023 – Filed April 5, 2023

---

**REVERSED AND REMANDED**

---

Lynn Chronister, pro se.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Lynn Chronister, pro se, appeals an Administrative Law Court (ALC) order affirming a South Carolina Department of Probation, Parole and Pardon Services' (the Department's) decision to deny him medical parole. On appeal, Chronister argues the ALC erred in affirming the Department's denial of

his request because (1) he did not receive proper notice of the medical parole hearing and (2) the Department's notice of rejection failed to show consideration of his medical condition. We reverse and remand.

We find substantial evidence does not support the ALC's finding that Chronister received proper notice of his medical parole hearing. *See* S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2022) ("The court of appeals . . . may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."); *Risher v. S.C. Dep't of Health & Env't Control*, 393 S.C. 198, 204, 712 S.E.2d 428, 431 (2011) ("A decision of the ALC should be upheld . . . if it is supported by substantial evidence in the record."); *Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000) ("[A]n inmate may seek review of [the] Department's final decision in an administrative matter under the [Administrative Procedures Act (APA)]."); *id.* ("Placing review of these cases within the ambit of the APA will ensure that an inmate receives due process, which consists of notice, a hearing, and judicial review."); *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 260, 659 S.E.2d 233, 235 (Ct. App. 2008) ("[T]he burden rests squarely on the appellant to prove that substantive rights were prejudiced . . . ."). The record reflects that the South Carolina Department of Corrections did not deliver the Department's legal correspondence to Chronister until February 21, 2021, over a month after his January 13, 2021 hearing. Thus, we hold Chronister did not receive notice of the hearing and reverse and remand for the Department to conduct a new medical parole hearing pursuant to section 24-21-715 of the South Carolina Code (Supp. 2022).

Because the resolution of this issue is dispositive, we need not address the remaining issue on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED AND REMANDED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.