**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Darrell Lee Goss, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2023-001546

———————

Appeal From The Administrative Law Court
Crystal Rookard, Administrative Law Judge

———————

Unpublished Opinion No. 2024-UP-218
Submitted June 13, 2024 – Filed June 20, 2024

———————

**AFFIRMED AS MODIFIED**

———————

Darrell Lee Goss, pro se.

Christina Catoe Bigelow, of South Carolina Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Darrell Lee Goss appeals an order from the Administrative Law Court (ALC) affirming the South Carolina Department of Corrections' (SCDC's) final decision regarding the calculation of Goss's max-out date. On appeal, Goss argues the ALC erred by allowing SCDC to extend his sentence beyond the statutory requirement of 85% of his sentence. We affirm as modified pursuant to Rule 220(b), SCACR.

We hold the ALC did not err by affirming SCDC's calculation of Goss's max-out date because the statute requires the service of "at least 85%" before eligibility for release. Goss pled guilty to kidnapping, armed robbery, and assault and battery with intent to kill, and the plea court sentenced him to concurrent sentences of twenty years' imprisonment on each charge with credit for time served since June 15, 2007. Thus, on June 15, 2024, Goss will have served 85% of his sentence. Although June 15, 2024, is the earliest Goss could be released from prison, Goss has incurred numerous disciplinary infractions that have resulted in the loss of good time credit and the forfeiture of credit he would have earned each month he had an infraction. Therefore, Goss's max-out date is later than June 15, 2024. *See S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code ([Supp. 2023]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); § 1-23-610(B) ("[An appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (stating, however, when reviewing an ALC decision, an appellate court "may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); S.C. Code Ann. § 24-13-100 (2007) ("For purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony or an offense exempt from classification as enumerated in [s]ection 16-1-10(d)[ of the South Carolina Code (Supp. 2023)], which is punishable by a maximum term of imprisonment for twenty years or more."), *repealed in part by Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016) (concluding a second offense under section 44-53-375(B) of the South Carolina Code (2018) is no longer considered a no parole offense); S.C. Code Ann. § 24-13-150(A) (Supp. 2023) ("Notwithstanding any other provision of law . . . an inmate convicted of a 'no parole offense' as defined in [s]ection 24-13-100 and sentenced to the custody of [SCDC] . . . is not eligible for early release, discharge, or community supervision . . . until the inmate has served *at least* eighty-five percent of the actual term of imprisonment imposed. This percentage must be calculated without the application of earned work credits, education credits, or good conduct credits, and is to be applied to the actual term of imprisonment imposed, not including any portion of the sentence which has been suspended." (emphasis added)); S.C. Code

Ann. § 24-13-210(B) (Supp. 2023) ("An inmate convicted of a 'no parole offense' against this State as defined in [s]ection 24-13-100 and sentenced to the custody of [SCDC], . . . whose record of conduct shows that he has faithfully observed all the rules of the institution where he is confined and has not been subjected to punishment for misbehavior, is entitled to a deduction from the term of his sentence beginning with the day on which the service of his sentence commences to run, computed at the rate of three days for each month served."); S.C. Code Ann. § 24-13-230(B) (Supp. 2023) ("The Director of [SCDC] may allow an inmate sentenced to the custody of [SCDC] serving a sentence for a 'no parole offense' as defined in [s]ection 24-13-100, who is assigned to a productive duty assignment . . . or who is regularly enrolled and actively participating in an academic, technical, vocational training program, a reduction from the term of his sentence of six days for every month he is employed or enrolled.").

However, we modify the ALC's stated max-out date from October 15, 2024, to July 15, 2024—the most current date provided in SCDC's August 17, 2023 letter to the ALC and in SCDC's brief to this court. This date reflects the most current max-out date supplied to the ALC by SCDC at the time of the filing of the ALC's order; it is not reflective of any changes to Goss's max-out date since that time.

**AFFIRMED AS MODIFIED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.